NICHOLAS GIORNO, Plaintiff, *v.* BANCO DI NAPOLI TRUST COM-
PANY OF NEW YORK et al., Defendants.*

Supreme Court, Special Term, New York County, June 7, 1943.

*Isadore H. Cohen, Sidney G. Kingsley* and *Edward Feldman* for defendants.

*Victor Rabinowitz* for plaintiff.

MILLER, J.   The agreement between the defendant trust company and the union was executed on November 19, 1941, and was to terminate on November 12, 1942, unless automatically extended by the failure of either party to give notice of intention to terminate thirty days prior to its expiration date. At the time of its execution, the trust company was operating under a general license issued by the Federal authorities pursuant to the provisions of the Trading with the Enemy Act. (U. S. Code, tit. 50, Appendix, § 1 *et seq.*)   On December 11, 1941, the defendant Superintendent of Banks, by direction and on behalf of the Secretary of the Treasury, acting under the authority of the Trading with the Enemy Act, seized the property and assets of the defendant trust company.

The complaint alleges (Paragraph 13th) that " by reason of the aforesaid action of the said Superintendent of Banks in seizing the assets of the defendant Trust Company, all of the employees of the defendant Trust Company, including the plaintiff herein, were laid off within the meaning of Article VI (3)

---

* See, also, *Giorno* v. *Banco Di Napoli Trust Co.,* 181 Misc. 46.— [REP.

of said contract * * * and the employment relationship theretofore existing between the plaintiff and the defendant Trust Company was thereupon terminated ''.

The agreement between the trust company and the union is a complete contract. Plaintiff claims that the expression '' laid off '' in the clause of the contract providing for severance pay by the trust company when employees are '' laid off '' refers to any termination of employment for causes beyond the control of the employee. In the absence of an express provision to the effect that interference by the government shall not affect the rights of the plaintiff, such an interpretation is not warranted by a reasonable construction of the contract. The clause applies only to a voluntary lay-off by the trust company, or to a '' lay-off '' resulting from any act or omission of the trust company, and not to a '' lay-off '' caused solely by the act of the government which renders impossible the performance of the contract not only by the trust company but also by the plaintiff.

The suspension or termination of the business of the trust company by the government rendered impossible the performance of the contract by both parties. The promise to allow to plaintiff severance pay in the event the plaintiff was laid off is excused as the failure to continue the plaintiff in its employ was due solely to the act of the government in preventing performance, because of the war, not only by the trust company but also by the plaintiff.

The alleged oral agreement which was later merged in the written contract is inadmissible, as is the testimony of the arbitrator as to how she intended the term '' laid off '' should be used and the special or particular meaning she gave to that word.

The motion by defendants for summary judgment dismissing the first cause of action is granted.